UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE JESSE MURILLO, | ) | 1:08-cv-00763-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS WITH PREJUDICE |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK TO ENTER |
| MIKE EVANS, | ) | JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner Ronnie Jesse Murillo ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

In October 2006, a jury convicted Petitioner of forcible rape. (Lod. Doc. 1 at 2). Petitioner waived his right to a jury trial with respect to the people's allegation that Petitioner had suffered prior convictions, (Lod. Doc. 5, C.T. at 159), and the trial court found that Petitioner had been convicted of a serious felony within the meaning of California Penal Code 667(a), (Lod. Doc. 6, R.T. Vol. 3 at 268-269).

Petitioner filed an appeal of his conviction and sentence with the California Supreme Court on June 26, 2007. (Lod. Doc. 1). The California Court of Appeal affirmed Petitioner's conviction and sentence in a reasoned decision issued on January 20, 2008. (Lod. Doc. 2).

Petitioner filed a petition for review before the California Supreme Court on March 4, 2008. (Lod. Doc. 3). The California Supreme Court denied the petition on April 9, 2008. (Lod. Doc. 4).

1    Petitioner filed the instant federal petition for writ of habeas corpus in the United States
2 District Court for the Eastern District of California on May 9, 2008. (Doc. 1). Respondent filed an
3 answer to the petition on October 17, 2008. (Doc. 14). On May 12, 2009, Petitioner filed a motion
4 for miscellaneous relief, which the Court denied on May 19.[1] (Docs. 16; 18).

**Consent to Magistrate Jurisdiction**

On May 27, 2008, Petitioner consented to have a United States Magistrate Judge conduct all proceedings in this case, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 4). Respondent consented to Magistrate jurisdiction on October 7, 2008. (Doc. 13).

## Factual Background

Petitioner contends that his custody violates his rights under the United States Constitution because 1) the prosecutor made inappropriate remarks during closing argument which shifted the burden of proof to Petitioner; and 2) the trial court imposed an upper-term sentence without submitting the question of whether Petitioner had suffered a prior conviction to the jury. Accordingly, the factual background relevant to the instant Petition concerns the prosecutor's closing statement and the trial court's finding of fact with respect to Petitioner's prior conviction. The California Court of Appeal summarized the facts relevant to Petitioner's claims:

> The People introduced evidence showing that after S.L. was raped, she was examined at a local hospital. In relevant part, four swabs were taken of S.L.'s vaginal area. One of the swabs contained sperm cells that were later determined to match appellant's DNA profile.
>
> To rebut this evidence, the defense focused on the possibility of a testing error during examination of the People's witnesses. On cross-examination, criminalist Kenneth Penner testified about an incident where the Fresno Regional Laboratory switched the DNA profiles of two people.
>
> During redirect examination, Penner testified that "one of the four vaginal swabs … and a portion of the remaining stain card" were preserved and provided to the defense for retesting in appellant's case. Penner testified that the court order he received "indicates that the samples were to be transferred to the forensic analytical testing laboratory in Hayward."

---

[1] Petitioner's motion is entitled "notice and motion to set the information pursuant to points and authorities in support thereof." The body of Petitioner's motion consists entirely of a copy of the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

That laboratory performs DNA testing and is not affiliated with law enforcement.

During defense counsel's closing argument he focused on the possibility that there had been a testing error. For example, he argued, "But the real numbers you … should be looking at are what are the odds of a mistake? And how often does that happen? Does it seem inconceivable or not? How often do machines screw up?"

During the prosecutor's rebuttal, he argued that no testing error occurred in this case. In relevant part, he argued:

"On top of that, in order to -- on top of not trying to hide errors, what else do we have? We have evidence that is left over specifically for retesting. Not only did the Richmond lab have leftover evidence where they stored their evidence, which they store forever as they testified to, but the DOJ lab still had vaginal swabs from the original SART kit which they stored in evidence for retesting purposes. You heard items from that kit [were] turned over for defense for retesting, and you better believe if that was tested and it came back different, you would be hearing it."

Defense counsel objected on the ground of "[r]everse proof." The objection was overruled....

Appellant's criminal history, as set forth in the probation report, is lengthy. In 1974, he was convicted of tampering with a vehicle. In 1977, he was convicted of driving under the influence of alcohol. In 1978, he was convicted of reckless driving. In 1985, he was convicted of being under the influence of a controlled substance. In 1986, he was convicted of first degree burglary and sentenced to four years' imprisonment. In 1987, he was convicted of prowling and of petty theft with a prior theft; he was sentenced to four years' imprisonment. In 1994, he was convicted of spousal injury to a spouse or cohabitant and of making criminal threats. In 1995, he was convicted of receiving stolen property and sentenced to four years' imprisonment. He was convicted of indecent exposure in 1998. In 2001, he was convicted of driving under the influence of alcohol and resisting a public officer. He violated the conditions of his parole in 1989, 1990, 2000 and 2001.

The probation report lists numerous aggravating factors: (1) the crime involved great violence and threat of bodily harm to the victim; (2) the victim was particularly vulnerable; (3) the manner in which the crime was carried out indicates planning and sophistication; (4) appellant has engaged in violent conduct indicating that he is a serious danger to society; (5) appellant has several prior felony and misdemeanor convictions; and (6) appellant has several prior parole violations. No mitigating factors were listed.

During the sentencing hearing, the court set forth appellant's prior criminal history. It stated that it was not going to consider the convictions giving rise to the strike and to the prior serious felony enhancement. The court relied on all the factors set forth in the probation report in selecting the upper term for the rape.

(Lod. Doc. 2).

///

///

///

**Discussion**

**I.  Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);[2] 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n.7 (2000). Venue for a habeas corpus petition is proper in the judicial district where the prisoner was sentenced. See 28 U.S.C. § 2241(d).

Petitioner asserts that he is currently incarcerated in violation of his rights under the United States Constitution. Petitioner was sentenced in Tulare County, California. As Tulare County is within the Eastern District of California, the Court has jurisdiction over the instant petition and venue is proper in the Eastern District. 28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

**II. Standard of Review**

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." Lockyer v.

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Andrade, 538 U.S. 63, 75 (2003) (citations omitted).  State court factual findings are presumed correct and may not be set aside absent clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III. Analysis

Petitioner contends that he is currently incarcerated in violation of his constitutional rights because 1) prosecutorial misconduct at his trial deprived him of his presumption of innocence; and 2) the trial court's imposition of an upper-term sentence violated his Sixth Amendment right to a jury trial.  The California Court of Appeal denied Petitioner's claims in the last reasoned decision issued by the State.[3]

#### A. Prosecutorial Misconduct

A prosecutor's improper comment violates a defendant's constitutional rights where the comment so infects the trial with unfairness as to make the resulting conviction a denial of due process.  E.g., Darden v. Wainwright, 477 U.S. 168, 181 (1986)(citations omitted).  A prosecutor may comment on the failure of the defense to produce evidence in support of a defense theory.  See, e.g., Cook v. Schriro, 538 F.3d 1000, 1020 (9th Cir. 2008).  Arguments that do not manipulate or misstate evidence and are responsive to arguments made by the defense do not deprive a defendant of a fair trial.  See id., (citing Darden, 477 U.S. at 181).

Petitioner contends that the prosecutor's comment on Petitioner's failure to produce evidence that testing error had occurred with respect to the People's DNA evidence was improper.  Petitioner cites no authority for this proposition.  As noted by the California Court of Appeal:

> the challenged remarks by the prosecutor were a fair comment on the absence of evidence. The defense suggested in his closing argument that a mistake could have been made in the DNA testing. During the prosecutor's rebuttal argument, he pointed out the facts that the defense had been provided with material for retesting and that it had not produced evidence of a different result than the one reached by the prosecutor's expert.

(Lod. Doc. 2 at 4).  Given the argument advanced by defense counsel in closing argument, the prosecutor's comment was not at all inappropriate.  The prosecutor's comment did not suggest that the defendant bore the burden of establishing innocence.

---

[3] As the California Supreme Court summarily denied Petitioner's petition for review, the Court must "look through" the summary disposition to the last reasoned decision issued by the state.  Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991).

1  Rather, the prosecutor's comment simply directed the jury's attention to the lack of evidence in
2  support of the defense's testing-error theory; such comments are constitutionally permissible. See,
3  e.g., Cook, 538 F.3d at 1020.
4        The California Court of Appeal identified the correct legal standard for adjudicating
5  Petitioner's claim of prosecutorial misconduct and reasonably applied the law to the evidence on the
6  record. Because the Court cannot say that the California Court of Appeal's decision was objectively
7  unreasonable, Petitioner is not entitled to relief on his prosecutorial misconduct claim. Lockyer, 538
8  U.S. at 75.

      **B. Sentencing Error Claim**

10        A sentencing court may rely on the fact that a person has suffered a prior conviction to
11  enhance that person's sentence, without submitting the question to a jury, so long as the convictions
12  were themselves obtained in proceedings that required the right to a jury trial and proof beyond a
13  reasonable doubt. E.g., Davis v. Woodford, 446 F.3d 957, 963 (9th Cir. 2006); Apprendi v. New
14  Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases
15  the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and
16  proved beyond a reasonable doubt"). Although every criminal defendant has a constitutional right to
17  a jury trial, that right may be waived. See, e.g., United States v. Moreno-Morillo, 334 F.3d 819, 826
18  (9th Cir. 2004) (discussing defendant's waiver and subsequent conviction). A defendant cannot
19  knowingly waive his right to a jury trial and then contend later that his right to such a trial has been
20  violated. E.g., id.
21        Petitioner's contention that he was denied his right to a jury trial with respect to the facts
22  relied upon by the trial court to impose an upper-term is without merit. First, Petitioner has no
23  constitutional right to a jury trial regarding the issue of his prior convictions. Davis, 446 F.3d at 963.
24  Second, the record demonstrates that Petitioner waived the opportunity to have a jury evaluate the
25  facts regarding his prior convictions and consented to a bench trial on the issue. (Lod. Doc. 5, C.T.
26  at 159). The California Court of Appeal's decision denying Petitioner's claim of sentencing error
27  was thus not objectively unreasonable.
28  ///

## IV.   Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial

showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

4. The Clerk of Court is DIRECTED to enter judgment; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    June 24, 2009**                        /s/ John M. Dixon
                                               UNITED STATES MAGISTRATE JUDGE